Marytza J. Reyes (SBN 218684)
  reyes@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant Wells Fargo
Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA MONGE, an individual, | Case No. 2:21-cv-03412 |
| Plaintiff, | **NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT** |
| v. | |
| WELLS FARGO BANK, N.A., a Corporation; MELISSA WHITE, an individual; and DOES 1 through 50, inclusive, | [Los Angeles Superior Court Case No. 20STCV44953] |
| Defendants. | Action Filed: November 23, 2020 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARIA MONGE AND HER COUNSEL OF RECORD:

Pursuant to 28 U.S.C. §§ 1332 and 1441, Wells Fargo Bank, N.A., hereby removes the above-entitled action from the Superior Court of California, County of Los Angeles, to the United States District Court, Central District of California. The ground for removal is complete diversity of citizenship, as fully stated below.

## PROCEDURAL BACKGROUND

1. On or about November 23, 2020, Plaintiff Maria Monge filed an action in the Superior Court of California, County of Los Angeles, Case No. 20STCV44953, entitled *MARIA MONGE, an individual vs. WELLS FARGO BANK,*

Notice of Removal.docx

NOTICE OF REMOVAL

1  *N.A., a Corporation; MELISSA WHITE, an individual; and DOES 1 through 50, inclusive* (the "State Court Action").

2. Plaintiff asserts four causes of action in the State Court Action against Wells Fargo for: (1) Discrimination Based on Sex; (2) Retaliation in Violation of Labor Code§ 1102.5, et seq; (3) Wrongful Termination; and (4) Negligent Infliction of Emotional Distress. The only cause of action alleged against individual defendant Melissa White is Negligent Infliction of Emotional Distress.

**TIMELINESS OF REMOVAL**

3. On March 30, 2021, Plaintiff served Corporation Service Company, Wells Fargo's agent for service of process, with a Summons, Complaint and related documents. On November 23, 2020, the Court issued a Notice of Case Assignment. On November 30, 2020, the Court issued a Notice of Case Management Conference. On March 24, 2021, the Court issued a Minute Order Re Case Management Conference. On April 6, 2021, Plaintiff filed Proof of Service of Summons and Complaint. On April 14, 2021, the Court issued a Minute Order Re Order to Show Cause Hearing. On April 15, 2021, Plaintiff filed a Notice of Association of Counsel. True and correct copies of these documents are attached hereto as **Exhibits 1-7**. No other process, pleadings or papers have been filed in said action and no further proceedings have been had.

4. Defendants "DOES 1 through 20; inclusive" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

5. This removal is timely filed as required by 28 U.S.C. § 1446(b) having been accomplished within 30 days of the date of first service of the State Court Action, which was March 30, 2021, and within one year of the date the State Court Action was filed on November 23, 2020.

**DIVERSITY JURISDICTION**

6. **Basis of Original Jurisdiction**. Defendant Wells Fargo is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. §1332 and it is an action which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a), because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs as described below.

7. **Plaintiff's Citizenship**. Plaintiff is and was at the time of filing her Complaint a citizen of the State of California. Compl. ¶ 1.

8. **Defendant Wells Fargo's Citizenship**. Pursuant to 28 U.S.C. § 1348, Defendant Wells Fargo is a citizen of the state where its main office is "located." Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located." Wells Fargo Bank, N.A. with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) ("Wells Fargo is a citizen only of South Dakota, where its main office is located"). Accordingly, Defendant Wells Fargo is only a citizen of South Dakota, and not California, for diversity purposes. Thus, complete diversity exists here.

9. **Plaintiff Fraudulently Joined Defendant Melissa White.** It is clear based on applicable law that Ms. White is a sham defendant whom Plaintiff joined solely to attempt to defeat diversity. "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

a. The only cause of action alleged against Ms. White, negligent infliction of emotional distress, is barred by the statute of limitations. Plaintiff's employment was separated on May 31, 2018. Compl. ¶18. The statute of limitations for negligent infliction of emotional distress is two years. Cal. Code of

Civil Procedure §335.1.  Plaintiff filed her Complaint on November 23, 2020, nearly six months after the statute of limitations ran on the cause of action for negligent infliction of emotional distress.

  b. A resident defendant who is named in a lawsuit, but against whom the plaintiff has asserted a cause of action which is barred by the statute of limitations, is a sham defendant for purposes of removal.  *Ritchey v. Upjohn Drug Co.* at 1319-1320.  Consequently, Ms. White's joinder in this lawsuit is fraudulent and should not be considered in determining diversity jurisdiction.

  c. Further, under the settled rules of California, it is legally impossible for Ms. White to be found liable for any of the remaining causes of action in Plaintiff's Complaint: (1) Discrimination Based on Sex; (2) Retaliation in Violation of Labor Code§ 1102.5, et seq; and (3) Wrongful Termination.  None of these causes of action allow for a finding of individual liability.  *See Reno v. Baird,* 18 Cal. 4th 640, 644 (1988) (no individual liability for discrimination), *Jones v. The Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1164 (2008) (no individual liability for retaliation), *Miklosky v. Regents of Univ. of Calif.*, 44 Cal. 4th 876, 900 (2008) (wrongful termination claim lies only against employer, not individual supervisors).

  d. Plaintiff cannot cure her fraudulent joinder by simply amending her Complaint to add causes of action for harassment or intentional infliction of emotional distress.  Plaintiff missed her one-year statute of limitations to file an administrative claim for harassment with the Department of Fair Employment and Housing.  *See* former Cal. Gov't Code §12960(d) (effective January 1, 2018-December 31,2019).[1]  Plaintiff also missed the two year statutory period to file a

---

[1] Effective January 1, 2020, California Assembly Bill 9 of the 2019–20 legislative session extended the limitations period for sexual harassment claims from one year to three years.  *See* Cal. Gov. Code § 12960(e) (as amended by A.B. No. 9 § 1, 2019–20 Sess. (Cal. 2019)).  However, Assembly Bill 9 expressly provides, "This act shall not be interpreted to revive lapsed claims." A.B. No. 9 § 3, 2019–20 Sess. (Cal. 2019).  Accordingly, the amendment is not retroactive.

civil claim for intentional infliction of emotional distress. *See* Cal. Code of Civil Procedure § 335.1; *Unruh-Haxton v. Regents of Univ. of Calif.*, 162 Cal. 4th 343, 357 (2008) (statute of limitations for intentional infliction of emotional distress is two years).

    e.    Further, to date, Plaintiff has not served Ms. White with the Summons and Complaint. *See* Register of Actions.

    f.    Based on the foregoing, Plaintiff has not stated a cause of action against Ms. White.

10.    **Doe Defendants Are Disregarded For Purposes of Removal**. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the existence of Doe defendants 1 to 20, inclusive, does not deprive this Court of jurisdiction.

11.    **Amount in Controversy**. The amount in controversy in this civil action exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Defendants Wells Fargo are not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Defendant Wells Fargo can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*.

12. <u>Economic Damages</u>. Plaintiff seeks damages for lost wages. Compl. ¶¶ 23, 38. Plaintiff's employment was terminated on May 31, 2018. Compl. ¶ 18. At the time of Plaintiff's termination from Wells Fargo, her annual salary was approximately $49,004.80. Declaration of E'Lisa Harisson. As of the time of the filing of this Notice of Removal, Plaintiff's alleged lost wages will total approximately $138,846.90 ($49,004.80 annual salary x 2 years + 10 months). Thus, Plaintiff's lost wages alone satisfy the jurisdictional minimum for removal. Further, assuming the Court were to set trial at least one year from this Removal, Plaintiff's alleged economic damages will reasonably total $187,851.70 in lost wages alone ($138,846.90 lost wages + $49,004.80 annual salary). This amount does not include alleged front pay, missed bonuses, costs of suit, or any costs of any treatment for alleged emotional distress. *See* Compl. ¶¶ 20, 23, 39, 43.

13. **<u>Non-Economic Damages.</u>** Plaintiff also seeks non-economic damages for alleged emotional distress. Compl. ¶¶ 20, 23, 39, 43. A plaintiff who successfully prosecutes his or her claim for retaliation in violation of Section 1102.5 may recover compensatory damages, including economic and emotional distress damages. *Gardenhire v. Housing Authority of the City of Los Angeles*, 85 Cal. App. 4th 236, 237, 240-241 (2000).

14. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims, significantly exceeds $75,000.

15. <u>Venue</u>. Venue is proper in the Central District of California because this district embraces the Los Angeles Superior Court, the court in which this action is currently pending. 28 U.S.C. §1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. §1441(a) and is properly laid in the district embracing the place where the action is pending.).

16. **Conclusion**. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendant Wells Fargo is a citizen of South Dakota. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Wells Fargo has properly removed the State Court Action to this Court.

17. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

18. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Wells Fargo or filed by Wells Fargo are attached hereto as **Exhibits 1 through 7**.

WHEREFORE, Defendant Wells Fargo prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to this Court.

DATED:  April 21, 2021

SANCHEZ & AMADOR, LLP

/s/ Marytza J. Reyes
Marytza J. Reyes
Attorneys for Defendant Wells Fargo Bank, N.A.